UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES DELLINGER, | ) | |
| | ) | |
|    *Petitioner*, | ) | |
| v. | ) | NO. 3:09-cv-404 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| RICKY BELL, Warden, | ) | |
| | ) | |
|    *Respondent*. | ) | |

## ORDER

Attorneys Amy D. Harwell and Francis L. Lloyd, Jr.[1] have filed a petition pursuant to 28 U.S.C. § 2254 on behalf of Petitioner James Dellinger ("Petitioner" or "Dellinger") attacking his criminal conviction for one count of first degree murder from the Criminal Court of Sevier County, in Sevierville, Tennessee (Doc. 1). There are three pending matters for the Court to consider. They are: (1) Petitioner's motion for status conference (Doc. 2); (2) Petitioner's motion to abate proceedings (Doc. 5); and (3) whether equitable tolling is applicable to Petitioner's untimely filed habeas petition.

**I.    Motion for Status Conference**

The first matter which must be decided is Petitioner's motion requesting a status conference in this case (Doc. 2). The Petitioner has offered no explanation as to why a status conference is required and the Court is unaware of any reason to hold such a conference. Accordingly, the motion is **DENIED** (Court File No. 2).

---

[1] These attorneys are voluntarily representing Petitioner in this case and were not appointed by the Court.

1

## II. Motion to Abate Proceedings

Next is Petitioner's motion requesting the Court to abate his writ of habeas corpus proceedings pending the United States Supreme Court's ruling in *Holland v. Florida*, U.S. No. 09-5327 (Doc. 5).[2] The Supreme Court decided that case on June 14, 2010; thus, Petitioner's motion is **DENIED as MOOT** (Doc. 5). This case will proceed.

## III. Timeliness of Habeas Petition

In Petitioner's habeas petition and again in his motion to abate, he acknowledges his petition is untimely, but contends equitable tolling is applicable. Counsel filed Petitioner's habeas petition on September 11, 2009, almost three years after the Tennessee Supreme Court denied permission to appeal his post-conviction case. Because it appears that the petition is not timely, this case cannot proceed until the tolling issue is resolved.

Accordingly, to support his tolling argument, Petitioner's counsel **SHALL** file a brief which must include legal analysis and case law, and attach any affidavits or materials they deem necessary to resolve this issue. Additionally, counsel **SHALL**:

> (1) explain how it was reasonable for Petitioner to rely upon a promise to file a habeas petition made by an attorney who did not represent Petitioner in his state post conviction case or his federal habeas case on this murder conviction;
>
> (2) identify the steps Petitioner took which show he was diligent in pursuing his legal rights;

---

[2] Because Petitioner failed to present sufficient evidence demonstrating the late filing of his petition for a writ of habeas corpus was due to post-conviction counsel's failure to timely file a petition on his behalf, the Court ordered the parties to supplement the record (Doc. 6). Pursuant to the Court's previous Order (Doc. 6), Petitioner has supplemented his motion to abate proceedings (Doc. 9); Respondent has filed his response in opposition to the motion (Doc. 10); and Petitioner has replied to that response (Doc. 12).

2

(3) explain why this alleged unprofessional conduct is not a garden variety claim of excusable neglect—specifically, how the facts of this case transform what at first blush appears to be ordinary negligence into extraordinary circumstances sufficient to warrant equitable tolling. *See Holland v. Florida*, ___ S.Ct. ___, 2010 WL 2346549 (June 14, 2010);

(4) explain how Petitioner's alleged mental shortcomings precluded him from filing a timely habeas petition; and

(5) identify and submit the new and reliable evidence Petitioner claims demonstrates he is factually innocent.

Petitioner **SHALL** file his brief within **thirty (30) days** from the date of this Order. And, Respondent **SHALL** file his response within **thirty (30) days** from the date of the filing of Petitioner's brief.

SO ORDERED.

E N T E R :

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge