UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JAMES DELLINGER, | ) | |
|---|---|---|
| *Petitioner*, | ) | |
| v. | ) | NO. 3:09-cv-404 |
| | ) | *VARLAN/SHIRLEY* |
| RICKY BELL, Warden, | ) | |
| *Respondent*. | ) | |

**MEMORANDUM AND ORDER**

This case filed under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion For Discovery [Doc. 16] and Amended Motion For Discovery [Doc. 19] seeking to engage in wide-ranging discovery from the files of various governmental agencies and seeking physical evidence for testing. In his motions, Petitioner requests the production of the following general topics of discovery: (1) physical and forensic evidence concerning his actual innocence claims; (2) records and documents concerning his actual innocence claims; and (3) depositions of witnesses material to his actual innocence claims [Docs. 16 & 19]. Petitioner contends that discovery of these matters and persons would assist him in establishing his claim of actual innocence in support of one of his equitable tolling arguments. The discovery motions are only made with regard to the actual innocence claim for equitable tolling.

Petitioner argues and alleges he is entitled to equitable tolling as the following exceptional circumstances prevented him from timely filing his habeas petition: (1) he suffers from an alleged

mental impairment including being allegedly mentally retarded, brain damaged, and illiterate; (2) he reasonably relied on attorney Brockenborough and or other attorneys to timely file his federal pleadings; (3) although he was reasonably diligent and was assured by the state post-conviction defender's office that a federal habeas petition would be filed on his behalf, it failed to do so; (4) his case was, unbeknownst to him, abandoned by his attorneys, which Petitioner alleges was due to legal counsel's unethical conduct and own mental limitations; and finally (5) he alleges he is actually innocent.

Due to the complexity of the case and in order to promote judicial economy and efficiency, the Court will bifurcate the equitable tolling issue into two parts: (1) the actual innocence claim and (2) all other "non-actual innocence" claims for equitable tolling. The Court will first determine whether equitable tolling is warranted in the other "non-actual innocence claims" (Numbers 1-4 above). *See* Fed. R. Civ. P. 1 (The rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding); Fed. R. Civ. P. 26(b)(c)(iii) (permits a court, by motion or on its own, to limit discovery when the "burden of expense of proposed discovery outweighs its likely benefit"); *cf. Johnson v. Geico Cas. Co.* 269 F.R.D. 406, 413 (D.Del. July 9, 2010) (staying *potentially unnecessary discovery* on class membership due to potential harm to defendants)*; Grisham v. Philip Morris, Inc.* 670 F.Supp.2d 1014, 1028 (C.D. Cal. 2009) (declining to address equitable tolling until it determines whether action is actually time-barred); *William Reber, LLC v. Samsung Electronics America, Inc.*, 220 F.R.D. 533, 538 (N.D. Ill. March 12, 2004) (finding defendants demonstrated that failing to bifurcate the issues of damages from the issue of liability for discovery and trial would greatly prejudice them and not serve judicial economy), *vacated in part,* 2004 WL 2535074 (N.D.Ill. Sept. 27, 2004) (as discovery progressed,

2

the extenuating circumstances justifying the original bifurcation of liability from damages no longer existed); *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir.1999), *cert. denied*, 529 U.S. 1020 (2000) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined").

If the Court determines equitable tolling is warranted on one or more of those "non-actual innocence" grounds it will not be necessary for the parties to further address the actual innocence ground nor conduct the requested discovery related to that ground. If the Court determines equitable tolling is not warranted on those grounds, then it will address the more complex and complicated issue of actual innocence, and take up the issue of the nature and extent of discovery, if any, that will be allowed on that issue.

The Court finds that this procedure will allow consideration of, and rulings on, the majority of the equitable tolling arguments without delay that might be associated with hearings and rulings on the discovery motion and conducting any discovery which might be permitted. If the Petitioner prevails on the "non-actual innocence" grounds, the parties and the Court will not have had to spend the inordinate time necessary to rule on the wide ranging discovery issues and the nature and extent of the discovery permitted, if any, and argue about and rule on the complex actual innocence claim. Even if Petitioner is not successful on the "non-actual innocence" claims, the Court can then still take up the actual innocence claim and the associated request for discovery at that time. As such, the parties are not prejudiced, and judicial economy will be served.

Accordingly, the motions for discovery [Docs. 16 and 19] will be **DENIED** as premature at this stage of the litigation, **without prejudice**, to Petitioner's right to renewal of the discovery requests at a later stage, (i.e. if equitable tolling is denied as to all of Petitioner's other grounds for equitable tolling besides actual innocence).

IT IS SO ORDERED.

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge