UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JAMES DELLINGER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-104-TAV-DCP |
| | ) | DEATH PENALTY |
| TONY MAYS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| JAMES DELLINGER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-404-TAV-DCP |
| | ) | |
| TONY MAYS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of Petitioner James Dellinger's Notice of Death, which Mr. Dellinger's attorneys filed on January 26, 2023 [No. 3:09-CV-104, Doc. 238; No. 3:09-CV-404, Doc. 203]. Petitioner's attorneys inform the Court that Mr. Dellinger passed away on January 16, 2023 [No. 3:09-CV-104, Doc. 238 at 1; No. 3:09-CV-404, Doc. 203 at 1], and they have provided the Court with a copy of a press release from the Tennessee Department of Correction ("TDOC"), which confirms Mr. Dellinger's passing [No. 3:09-CV-104, Doc. 238-1; No. 3:09-CV-404, Doc. 203-1]. They also indicate that

they intend to file a death certificate upon receipt of it [No. 3:09-CV-104, Doc. 238 at 1; No. 3:09-CV-404, Doc. 203 at 1].[1]

Mr. Dellinger was an inmate incarcerated at Riverbend Maximum Security Institution where he was serving a life sentence for the first-degree murder of Connie Branam and a death sentence for the first-degree murder of Ms. Branam's brother, Tommy Griffin. *State v. Dellinger,* 79 S.W.3d 458, 465, 497, 506 n.3 (Tenn. 2002). In 2009, Mr. Dellinger initiated separate habeas-corpus actions in this Court under 28 U.S.C. § 2254. In one proceeding, he challenged his 1993 conviction and life sentence for Ms. Branam's murder [*see* No. 3:09-CV-404]. And in the other, he challenged his 1996 conviction and death sentence for Mr. Griffin's murder [*see* No. 3:09-CV-104]. Both actions are pending before the Court.[2]

Under Article III of the United States Constitution, "federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). To satisfy Article III's cases-or-controversies requirement,

---

[1] Before Petitioner's attorneys filed a Notice of Death, they informed the Court on two occasions that Mr. Dellinger was receiving treatment for Stage IV colon cancer [*see* No. 3:09-CV-104, Doc. 233 at 10 n.6; No. 3:09-CV-404, Doc. 193 at 1, Doc. 199 at 10 n.6].

[2] Petitioner filed his petitions for a writ of habeas corpus in both proceedings [*see* No. 3:09-CV-104, Doc. 95; No. 3:09-CV-404, Doc. 104], but his claims were not yet ripe for the Court's adjudication. Petitioner, for instance, had not yet exhausted his *Atkins*-related claim in state court, and the Court recently stayed his capital habeas-corpus action to allow him to do so [*see* No. 3:09-CV-104, Doc. 236]. *See Atkins v. Virginia*, 536 U.S. 304, 307, 321 (2002) (holding that the execution of a "mentally retarded offender" is cruel and unusual punishment, in violation of the Eighth Amendment of the United States Constitution). The Court declined to stay his noncapital habeas-corpus proceeding, but Petitioner moved to amend his petition [*see* No. 3:09-CV-404, Doc. 197]. The parties fully briefed Petitioner's motion to amend in September of 2022, and Petitioner's motion is pending before the Court [*see id.*].

"a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citations omitted). In addition, both parties must have a personal stake in the outcome of a proceeding that continues throughout every stage of litigation; it is not enough that "a dispute was very much alive when suit was filed[.]" *Id.* (explaining that "[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings").

"An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the cases-or-controversies requirement because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction." *Bennett v. Howes*, No. 2:06-CV-13730, 2012 WL 2679486, at *1 (E.D. Mich. July 6, 2012) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). But a petitioner who passes away while his or her petition remains pending in federal court no longer has a personal stake in the outcome of his or her proceedings. *See In re Kravitz*, 504 F. Supp. 43, 51–52 (M.D. Pa. 1980) (holding that "[t]he 'personal stake' requirement, which is rooted in standing concepts," ceased upon the petitioner's death). And absent a personal stake in the outcome of a proceeding, no live case or controversy exists. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 177 (2016) ("A case or controversy exists when both the plaintiff and the defendant have a personal stake in the lawsuit." (internal quotation marks and citation omitted)). In this vein, a federal court lacks jurisdiction "to consider any case or issue that . . . los[es] its character as a present, live controversy[,] and [the case or issue] thereby becomes moot." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (internal quotation

marks and citation omitted); *see Zeune v. Mohr*, No. 2:14-cv-153, 2015 WL 3544662, at *2 (S.D. Ohio June 4, 2015) ("The doctrine of mootness is a corollary of Article III's case-or-controversy requirement.").

In addition, because mootness is a jurisdictional issue, courts have the authority to raise it *sua sponte*. *See Sykes v. Swanson*, No. 2:20-CV-12421, 2020 WL 6273462, at *1 (E.D. Mich. Oct. 26, 2020) ("A court may raise the jurisdictional issue of mootness sua sponte." (citing *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993))). And courts, both inside and outside this circuit, have done so when an inmate has passed away during the pendency of a proceeding and upon receiving a notice or suggestion of death. *See Neal v. Nottoway Corr. Ctr.*, 7 F.3d 225, 225 (4th Cir. Sept. 22, 1993) ("Although Appellee has not moved for dismissal of this appeal, we take judicial notice of Neal's death and dismiss this appeal as moot."); *see also Parker v. Nagy*, No. 2:20-cv-13439, 2022 WL 669335, at *1 (E.D. Mich. Feb. 15, 2022) (dismissing petition, under 28 U.S.C. § 2241, when the respondent filed a suggestion of the petitioner's death); *Sweeney v. United States*, No. 1:19-cv-26-HSM-CHS, ECF Doc. 12 (E.D. Tenn. Oct. 30, 2019) (denying as moot motion to vacate under 28 U.S.C. § 2255 upon notification of the petitioner's death from Federal Bureau of Prisons); *Hall v. United States*, No. 2:16-cv-366-RLJ-MCLC, ECF Doc. 55 (E.D. Tenn. July 31, 2017) (same); *Gorrasi v. Pickaway Corr. Inst.*, No. 1:12-cv-65, 2012 WL 5378811, at *1 (S.D. Ohio Oct. 30, 2012) (recommending dismissal of § 2254 petition on mootness grounds when respondent filed a notice of suggestion of petitioner's death); *Baskerville v. United States*,

4

No. 87 Civ. 4776 (MJL), 1987 WL 14914, at *1 (S.D. N.Y. July 23, 1987) (dismissing petition as moot when warden notified the court of inmate's passing).

Applying these principles here, Mr. Dellinger's untimely death moots his claims for relief under § 2254 because any rulings on them would have no effect on his terms of custody.[3] *See Hailey v. Russell*, 394 U.S. 915, 915 (1969) ("Upon the suggestion of mootness by reason of the death of petitioner, motion for leave to file petition for writ of habeas corpus dismissed."). In other words, Mr. Dellinger no longer has a personal stake in the outcome of these proceedings. *See Waclawski v. Romanowski*, No. 2:12-CV-10863, 2013 WL 607774, at *1 (E.D. Mich. Feb. 19, 2013) ("When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody . . . the habeas petition fails to present a justiciable case or controversy within the meaning of Article III of the Federal constitution." (citation omitted)). This Court, consequently, lacks jurisdiction over either of these actions. *Bennett*, 2012 WL 2679486 at *1 ("The death of an inmate during the pendency of his or her habeas petition in federal court renders the habeas action moot and deprives the federal court of jurisdiction over the case." (citations omitted)); *see Demis*, 558 F.3d at 512 ("[M]ootness is a jurisdictional question . . . . If events occur during the pendency of a litigation which render the court unable to grant the requested relief, the case

---

[3] An online search of Mr. Dellinger on TDOC's Felony Offender Information system shows that he is deceased and is no longer serving any active sentences. *See* Tenn. Dep't of Corr. Felony Offender Info. Search, *available at* https://foil.app.tn.gov/foil/details.jsp (last accessed Feb. 28, 2023).

becomes moot and thus falls outside our jurisdiction." (internal quotation marks and citation omitted)).

For the foregoing reasons, Petitioner's petitions for a writ of habeas corpus under 28 U.S.C. § 2254 in case numbers 3:09-CV-104 [Doc. 95] and 3:09-CV-404 [Doc. 104] are **DISMISSED AS MOOT**. Petitioner's outstanding motion to amend in case number 3:09-CV-404 [Doc. 197] is **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to **CLOSE** these cases, 3:09-CV-104 and 3:09-CV-404.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE